1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   QUAD INTERNATIONAL, INC.,

11           Plaintiff,                          No. 2:12-cv-2634 LKK CKD

12       vs.

13   JOHN DOE,                                   ORDER

14           Defendant.

15   _____/

16           In this action, plaintiff alleges claims for copyright infringement and state law

17   claims.  Plaintiff alleges the Doe defendant, without authorization, used an online peer-to-peer

18   ("P2P") media distribution system to download plaintiff's copyrighted work.  In the complaint,

19   plaintiff has identified the Doe defendant by an IP address.  See Complaint at 2:16.

20           Plaintiff now seeks expedited discovery relating to identification of the person

21   associated with the IP address.  The court finds plaintiff has shown good cause and the request

22   will be granted.

23           Accordingly, IT IS HEREBY ORDERED that:

24           1.  Plaintiff's ex parte application for leave to take expedited discovery (dkt. no.

25   6) is granted;

26   \\\\\

1

1    2. Plaintiff may immediately serve a Rule 45 subpoena on the ISP Charter

2 Communications to obtain the following information about the subscriber (defendant John

3 Doe) corresponding to the IP address 68.189.50.101: *name, address, telephone number, and e-*

4 *mail address*.  The subpoena shall have a copy of this order attached.

5    3. The ISP, in turn, shall serve a copy of the subpoena and a copy of this order

6 upon its relevant subscriber within 30 days from the date of service upon it.  The ISP may serve

7 the subscriber using any reasonable means, including written notice sent to the subscriber's last

8 known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

9    4. The subscriber and the ISP shall each have 30 days from the respective dates of

10 service upon them to file any motions contesting the subpoena (including a motion to quash or

11 modify the subpoena).  If that period elapses without the filing of a contesting motion, the ISP

12 shall have ten (10) days thereafter to produce the information responsive to the subpoena to

13 plaintiff.

14    5. The subpoenaed ISP shall preserve any subpoenaed information pending the

15 production of the information to plaintiff and/or the resolution of any timely-filed motion

16 contesting the subpoena.

17    6. The ISP that receives a subpoena pursuant to this order shall confer with

18 plaintiff before assessing any charge in advance of providing the information requested in the

19 subpoena.  If the ISP elects to charge for the costs of production, it shall provide plaintiff with a

20 billing summary and cost reports.

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the complaint.

Dated: November 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 /quad2634.expdisc

3